IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MDG PARTNERS, LLP<br>*Plaintiff,* | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| MARKEL SERVICE, INC. and<br>ESSEX INSURANCE COMPANY,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | Jury Demand |

### DEFENDANT, ESSEX INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, ESSEX INSURANCE COMPANY ("Essex"), files this its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

### I.

### Factual Background

1.1   Plaintiff filed its Original Petition on or about April 2, 2015, in a case styled *MDG Partners, LLP v. Markel Service, Inc. and Essex Insurance Company*, Cause No. 2015-19333, pending in the 129th Judicial District Court of Harris County, Texas.

1.2   On April 14, 2015, CT Corporation System received service of the Original Petition for Defendant, Markel Service, Inc. ("Markel").

1.3   On April 22, 2015, CT Corporation System received service of the Original Petition for Defendant, Essex.

1.4   Defendants filed their Original Answer to Plaintiff's Original Petition on May 11, 2015.

1.5     Essex files this Notice of Removal within 30 days of receiving service of Plaintiff's lawsuit. See 28 U.S.C. §1446(b).

1.6     Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Citation served on Essex;
- **Exhibit D:** Citation served on Markel;
- **Exhibit E:** Defendants' Original Answer to Plaintiff's Original Petition; and
- **Exhibit F:** List of Parties and Counsel

## II.

## Basis For Removal

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.   Plaintiff is Diverse from Both Defendants

2.2     Upon information and belief, Plaintiff, MDG Partners, LLP, is and was a limited partnership organized under the laws of the State of Indiana.

2.3     Defendant, Essex, is incorporated under the laws of the State of Delaware with its principal place of business in the State of Virginia.

2.4.    Defendant, Markel, is incorporated under the laws of the State of Virginia with its principal place of business in Virginia.

2.5     For the aforementioned reasons, complete diversity of citizenship exists between Plaintiff and Defendants.

**B.    The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.6    As alleged in its Original Petition, "Plaintiff seeks monetary relief over $100,000 but not more than $200,000." *See* Original Petition, paragraph 5 (**Exhibit B**). For this reason, the amount in controversy exceeds the jurisdictional requirements needed for removal.

### III.

### The Removal is Procedurally Correct

3.1    Essex was served with Plaintiff's Original Petition on April 22, 2015. Thus, it files this Notice of Removal within the 30-day time period required by 28 U.S.C. §§ 1446(b).

3.2    Co-Defendant, Markel, has provided consent to this removal as permitted under 28 U.S.C. §1446(b)(2)(C).

3.3    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state court action is pending and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice of Removal.

3.5    Promptly after Essex files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

3.6    Promptly after Essex files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

## IV.

## Conclusion

4.1     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, Essex, hereby removes the case to this Court for trial and determination.

                        Respectfully submitted,

                        THOMPSON, COE, COUSINS & IRONS, LLP

                        */s/ Jamie R. Carsey*
                        **Jamie R. Carsey**, *Attorney-in-Charge*
                        Southern District Bar No. 567102
                        State Bar No. 24045620
                        *E-Mail:* jcarsey@thompsoncoe.com
                        **Christina M. Fears**
                        Southern District Bar No. 2368166
                        State Bar No. 24060923
                        *Email*: cfears@thompsoncoe.com
                        One Riverway, Suite 1400
                        Houston, Texas  77056
                        Telephone:    (713) 403-8210
                        Facsimile:      (713) 403-8299

                        ***COUNSEL FOR DEFENDANT -***
                        ***ESSEX INSURANCE COMPANY***

## Certificate of Service

I hereby certify that on the __21st__ day of May, 2015, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Todd A. Prins  
William L. McCamish  
PRINS LAW FIRM  
4940 BROADWAY, SUITE 108  
SAN ANTONIO, TEXAS 78209  
E-MAIL: taprins@prinslaw.com  
E-MAIL: wmccamish@prinslaw.com  
***Attorneys for Plaintiff***

*<u>Via Facsimile (210) 820-0929</u>*

/s/ *Jamie R. Carsey*  
JAMIE R. CARSEY  
CHRISTINA M. FEARS