2015-19333 / Court: 129

4/2/2015 3:35:43 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4750064
By: Nelson Cuero
Filed: 4/2/2015 3:35:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MDG PARTNERS, LP | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| MARKEL SERVICE, INC. AND | § | |
| ESSEX INSURANCE COMPANY | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

Plaintiff, MDG Partners, LP files this original petition and request for disclosure against defendants, Markel Service, Inc. ("Markel") and Essex Insurance Company ("Essex"), and alleges the following:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff, MDG Partners, LP, is a limited partnership organized under the laws of the State of Indiana. Plaintiff resides and does business in Harris County, Texas.

3.   Defendant, Markel Service, Inc. is a corporation organized and existing under the laws of the State of Virginia. Markel may be served with process herein by delivering the Citation and a copy of Plaintiff's Original Petition to its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas Texas 75201.

4.   Defendant, Essex Insurance Company, is a nonresident corporation doing business in Texas. Essex does not maintain a regular place of business in Texas, does not have a


EXHIBIT B

designated agent for service of process in Texas, and this lawsuit arises from Essex's business in Texas. Accordingly, the Texas Secretary of State is the agent for service of process on Essex. The Texas Secretary of State may be served with process herein on behalf of Essex by delivering the Citation and a copy of this Original Petition to it at PO Box 12079, Austin Texas 78711. Essex's domiciliary address is 1209 Orange Street, Wilmington, Delaware 19801.

5. The court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

6. Venue is proper in Harris County, Texas because Defendants solicited and issued the insurance policy underlying this suit in Harris County. Tex. Bus. & Comm. Code §17.56 (2). Venue is also proper in Harris County, Texas because Plaintiff resided in Harris County at the time the loss made the subject of this suit occurred. Tex. Civ. Prac. & Rem Code §15.032.

### III.
### FACTS

7. On or about July 23, 2014, Plaintiff purchased a skid loader by way of a "like kind exchange" and took possession of a skid loader with the serial number YZ03511. The skid loader was added to Plaintiff's Contractor's Equipment Policy (the "Policy"), however, the policy mistakenly listed a different skid loader with the serial number 0JAY07313. Importantly, the skid loader taken by Plaintiff and the one with containing the serial number listed in the Policy are materially identical.

8. The Policy was issued by Essex and is serviced by Markel. As per the policy requirements, Plaintiff paid premiums for the newly added equipment which was clearly defined and delineated except for the erroneous serial number.

9. On or about September 18, 2014, the skid loader it possessed was stolen and

2

Plaintiff made a claim with Defendants. Defendants refused coverage because the serial number of the stolen skid loader was not the same as the serial number listed on Plaintiff's Contractor's Equipment Policy, even though both skid loaders were, for all intents and purposes, the same.

10. Plaintiff tendered its pre-suit notice of claim to Defendants pursuant to Tex. Bus. & Comm. Code §17.505 but the claim was refused.

## IV.
## CAUSES OF ACTION

*Violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")*

11. Paragraphs "1" through "10" are incorporated herein by reference as if set forth verbatim.

12. Plaintiff is a consumer under the DTPA because Plaintiff is a limited partnership that sought to acquire services by purchase. Specifically, Plaintiff is the insured under the Policy issued by Essex and serviced by Markel.

13. Defendants can be sued under the DTPA because they are the issuer and servicer or the Policy that forms the basis of this lawsuit.

14. Defendants violated the DTPA when Defendants engaged in false, misleading, or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment. Specifically, Defendants, in connection with their alleged conduct regarding the Policy,:

   i) represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have;

   ii) represented that its services were of a particular standard, quality, or grade, when they were of another; and

   iii) represented that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve, or which were prohibited by law.

15. Further Defendants engaged in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or

3

capacity to a grossly unfair degree. Specifically, Defendants made representations that caused Plaintiff to believe the skid loader in question was covered by the Policy when it was not. Further, Defendants refused to cover Plaintiff's loss even though the stolen skid loader was materially identical to the one that was covered by the Policy.

16. Defendants further used or employed an act or practice in violation of Texas Insurance Code chapter 541. Specifically, Defendants, in connection with their alleged conduct regarding the Policy,:

  i) misrepresented the benefits or advantages promised by the Policy; and

  ii) did not attempt in good faith to bring about a prompt, fair, and equitable settlement of a claim once the Defendants' liability had become reasonably clear.

17. Defendants' wrongful conduct was a producing cause of Plaintiff's injury, which resulted in economic damages jointly and severally. Defendants acted knowingly with regard to their unlawful conduct complained of herein. Thus, Plaintiff is entitled to treble economic damages for which it now sues.

*Breach of Contract*

18. Paragraphs "1" through "17" are incorporated herein by reference as if set forth verbatim.

19. The Policy represents a valid and enforceable contract by and between Plaintiff and Defendants. Plaintiff complied with its obligations under the Policy by timely paying its premiums, but Defendants breached the policy by failing to cover a loss that was covered by the Policy. As a result of Defendants' breach, Plaintiff has suffered actual and consequential damages for which it now sues.

## V.
## ATTORNEY'S FEES

20. Pursuant to Texas Business & Commerce Code Section 17.50(d) and Chapter 38

of the Texas Civil Practice & Remedies Code, Plaintiff requests that the Court award it a reasonable fee for the reasonable and necessary services of its attorneys for all proceedings before the trial court, the court of appeals, and the Texas Supreme Court.

## VI.
## CONDITIONS PRECEDENT

21. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII.
## REQUEST FOR DISCLOSURE

23. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a)-(l).

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer and that on final trial, Plaintiff be awarded:

    a. All actual and consequential damages resulting from Defendants' violations of the DTPA and breach of contract;

    b. Additional damages in connection with Plaintiff's DTPA claim for Defendants' knowing violations of the DTPA;

    c. Prejudgment and postjudgment interest;

    d. Court costs and attorney fees; and

    e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By: _____
Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

2015-19333 / Court: 129

4/2/2015 3:35:43 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4750064
By: CUERO, NELSON
Filed: 4/2/2015 3:35:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MDG PARTNERS, LP<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ____ JUDICIAL DISTRICT |
| MARKEL SERVICE, INC. AND<br>ESSEX INSURANCE COMPANY<br>*Defendants.* | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MARKEL SERVICE, INC.

To: MARKEL SERVICE, INC.
4521 Highwoods Parkway
Glen Allen, VA 23060

Please take notice that request is hereby made by Plaintiff, MDG Partners, LP, pursuant to Rule 197 of the Texas Rules of Civil Procedure, that Defendant, Markel Service, Inc., provided separate sworn responses to the following interrogatories within 50 days of service of this request.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By: _____
Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

## DEFINITIONS

1. **"Identify"** and **"Identity"** mean: (a) when used in reference to a natural person, to state that person's name and present or last known residential and employment addresses and telephone numbers; (b) when used in reference to an entity other than a natural person, to: (i) state the form of entity (*e.g.*, whether it is a sole proprietorship, partnership, limited partnership, limited liability company, joint venture, or corporation); (ii) if the entity is a partnership or joint venture, to identify each partner or participant (iii) if the entity is a corporation, to provide the state and date of its incorporation, the address of its principal place of business, and the identity of any person or entity holding an interest greater than 5% in the corporation; and (iv) to identify the entity's location and telephone number; (c) when used in reference to an oral communication, to identify the speaker, the person spoken to, any other persons who were present or in a position to hear, the date and place of the communication, and the substance of the communication, and to identify any documents that set forth, summarize, or refer to the communication; (d) when used in reference to information or to a fact, to (i) describe in reasonable detail the substance of the fact or information; and (ii) state how, when, and from whom you learned of the fact or information, including identifying any person, document, or communication from which you learned of the fact or information; and (e) when used in reference to a document, to identify the author or authors, all addresses, all carbon or courtesy copy recipients, all other recipients, and all persons who have or may have custody or control of the document or a copy thereof, to state the date of the document, and to describe in reasonable detail the contents of the documents.

2. **"Describe in reasonable detail"** means to set forth, with a reasonable degree of specificity, each fact, event, circumstance, act, omission, and item of information known to you relating to the subject matter of the interrogatory in question. Pursuant to Texas Rule of Civil Procedure 197.1, when used in relation to a legal or factual contention, such allegation of contention in a pleading, "describe in reasonable detail" means to state the legal theory or basis of the allegation or contention and to describe in general the factual basis for the allegation or contention.

3. **"Plaintiff"** refers to MDG Partners, LP and includes its agents, representatives, employees, or any other person or entity acting at its direction or on its behalf.

4. **"Defendants"**, **"You"** or **"Your"** refer to Defendants, Markel Services, Inc. and Essex Insurance Company, and includes their officers, directors, shareholders, subsidiaries, representatives, employees, or any other person or entity acting at their direction or on their behalf.

5. The **"Policy"** refers to the Contractor's Equipment insurance policy carried by MDG Partners LP with Essex Insurance Company, referenced as policy number IMD29205, that forms the basis of this lawsuit.

6.  The "**Claim**" refers to the claim made submitted by MDG Partners, LP under the Policy, claim number TM20393, for the theft of a Caterpillar 259B3 compact track loader with Serial # YYZ03511 which is claimed to have occurred on or about September 18, 2014.

7.  "**Concerning**" means evidencing, showing, indicating, illustrating, pertaining to, having to do with, regarding, in reference to, involving, and relating to.

IN ACCORDANCE WITH TEXAS RULE OF CIVIL PROCEDURE 197.1 THE USE OF THESE TERMS IN THESE DISCOVERY REQUESTS IS NOT MEANT TO REQUIRE YOU TO MARSHAL ALL OF YOUR AVAILABLE PROOF OR ALL OF THE PROOF YOU INTEND TO OFFER AT TRIAL AND NO OBJECTION SHOULD BE MADE TO THESE DISCOVERY REQUESTS ON THAT BASIS.

## INTERROGATORIES

1. Please state the full name, address, telephone number, and occupation of all persons answering, supplying information, or assisting with the preparation of the answers of these interrogatories.

2. Please list the name address and telephone numbers of all individuals you plan to call as a witness at the trial of this matter. Your answer should include all fact witnesses, expert witnesses, and impeachment/rebuttal witness (to the extent such witness' testimony can be reasonably anticipated before trial).

3. Describe in reasonable detail all additional risks you would have incurred had the Policy covered the skid loader with the serial number YZ03511 instead of the skid loader with serial number JAY07313.

4. State the difference in premiums Plaintiff would have been required to pay under the Policy had the Policy covered the skid loader with the serial number YZ03511 instead of the skid loader with serial number JAY07313.

5. State the different values of the skid loader with the serial number YZ03511 versus the skid loader with serial number JAY07313.

6. Was Plaintiff current on all of its premium payments due under the Policy at the time the Claim was made?

7. Identify each and every difference between the skid loader with the serial number YZ03511 and the skid loader with serial number JAY07313.

8. With regard to the differences identified in Interrogatory No. 7, describe in reasonable detail any all material risk(s) in coverage those differences may have posed to you, if any, under the Policy.

4/2/2015 3:35:43 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4750064
By: CUERO, NELSON
Filed: 4/2/2015 3:35:43 PM

**2015-19333 / Court: 129**

CAUSE NO. _____

| | | |
|---|---|---|
| MDG PARTNERS, LP | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| MARKEL SERVICE, INC. AND | § | |
| ESSEX INSURANCE COMPANY | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

To: MARKEL SERVICE, INC. and ESSEX INSURANCE COMPANY
4521 Highwoods Parkway
Glen Allen, VA  23060

Please take notice that request is hereby made by Plaintiff, MDG Partners, LP., pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendants, Markel Service, Inc. and Essex Insurance Company, produce or permit the undersigned attorney, to inspect and copy or reproduce the items designated on Exhibit "A" attached hereto.

Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 4940 Broadway, Suite 108, San Antonio, Texas 78209, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By: *[signature]*

Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

## DEFINITIONS AND INSTRUCTIONS

1. **"Document"** or **"Documents"** shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

2. **"Plaintiff"** refers to MDG Partners, LP and includes its agents, representatives, employees, or any other person or entity acting at its direction or on its behalf.

3. **"Defendants"**, **"You"** or **"Your"** refer to Defendants, Markel Services, Inc. and Essex Insurance Company, and includes their officers, directors, shareholders, subsidiaries, representatives, employees, or any other person or entity acting at their direction or on their behalf.

4. The "**Policy**" refers to the Contractor's Equipment insurance policy carried by MDG Partners LP with Essex Insurance Company, referenced as policy number IMD29205, that forms the basis of this lawsuit.

5. The "**Claim**" refers to the claim made submitted by MDG Partners, LP under the Policy, claim number TM20393, for the theft of a Caterpillar 259B3 compact track loader with Serial # YYZ03511 which is claimed to have occurred on or about September 18, 2014.

6. "**Concerning**" means evidencing, showing, indicating, illustrating, pertaining to, having to do with, regarding, in reference to, involving, and relating to.

7. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

## RULE 193.7 DISCLOSURE

TAKE NOTICE that all documents produced in response to a Request for Production of Defendant may be used against Defendant in any pre-trial proceeding or at trial.

## REQUEST FOR PRIVILEGE LOG

In the event Defendant provides a response to any of the following requests for production indicating that material or information has been withheld from production, you are requested to identify the information and material withheld within 15 days after providing your responses hereto. TRCP 193.3.

## EXHIBIT "A"

Please produce the following:

1. All documents in your claim file regarding claim number TM20393 that forms the basis of this lawsuit.

2. All correspondence by and between you and Plaintiff regarding the Policy from June 1, 2014 to present.

3. All correspondence by and between you and Plaintiff regarding the Claim from June 1, 2014 to present.

4. All correspondence by and between you and Caterpillar Financial Services Corporation or Caterpillar, Inc. regarding the Policy from June 1, 2014 to present.

5. All correspondence by and between you and Caterpillar Financial Services Corporation or Caterpillar, Inc. regarding the Claim from June 1, 2014 to present.

6. All notices you sent to Plaintiff regarding the Claim or Policy.

7. All notices you sent to Caterpillar Financial Services Corporation or Caterpillar, Inc. regarding the Claim or Policy.

8. All correspondence by and between you and any lender concerning the Policy or the Claim.

9. All documents evidencing the premium payments made to you by Plaintiff on the Policy.

10. All claims within the past five years that have been submitted to you, that are the same or substantially similar to the Claim in this case, in which coverage was provided.

11. All claims within the past five years that have been submitted to you, that are the same or substantially similar to the Claim in this case, in which coverage was denied.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209 .
(210) 820-0833
(210) 820-0929 fax

By: _____

Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com